-1-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONTE PARRISH** | : | **CIVIL ACTION NO. 12-cv-2296** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **YVETTE KANE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner Donte Parrish. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and he is currently incarcerated at the United States Penitentiary - Big Sandy in Inez, Kentucky. At the time of filing, petitioner was incarcerated at the Federal Corrections Institute in Oakdale, Louisiana ("FCIO"). Petitioner names Chief Judge Yvette Kane of the United States District Court for the Middle District of Pennsylvania as respondent herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court.

### Statement of the Case

On April 11, 2006, petitioner pled guilty to a single count of possession of a firearm in relation to drug trafficking in the Middle District of Pennsylvania. *See United States v. Parrish*, 1:05-cr-417 (M.D. Pa.), Doc. 31. Petitioner was sentenced to 180 months imprisonment on January 22, 2007. *Id.* at Doc. 52. The United States Court of Appeal for the Third Circuit affirmed petitioner's sentence on August 5, 2008. *Id.* at Doc. 64.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the sentencing court on June 10, 2011. *Id.* at Doc. 68. The motion was denied as time-barred on December 21, 2011. *Id.* at Doc. 76. Petitioner sent the sentencing court a letter

on August 30, 2012, in which he asserted that he is actually innocent of the crime for which he was sentenced. *Id.* at Doc. 84. The court construed the letter as a second or successive Section 2255 motion and denied it accordingly. *Id*. at Doc. 85.

On January 24, 2013, petitioner lodged a Rule 60(b) motion with the sentencing court in which he alleged that the government perpetuated a "fraud on the courts." *Id.* at Doc. 86. The motion was denied on February 22, 2013. *Id.* at Doc. 87.

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 31, 2012. He claims that he is actually innocent of the charges for which he pled guilty.

**Law and Analysis**

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attacks the legality of his incarceration rather than the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he

was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate.  He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.

### Recommendation

Accordingly, **IT IS RECOMMENDED** that the application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 15th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE